UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

FRIEDMAN REAL ESTATE MANAGEMENT,
as Court Appointed Receiver,

    Plaintiff,

v.                        Case No. 23-CV-857

ANDERSON PENS CHICAGO, INC., et al.,

    Defendants.

---

## DECISION AND ORDER

Plaintiff Friedman Real Estate Management ("Friedman") brings this action as Court Appointed Receiver for property located at 119 S. State Street, Chicago, Illinois, owned by Thor Palmer House Retail, LLC, against defendants Anderson Pens Chicago, Inc. and Anderson Pens, Inc. (collectively referred to as "Anderson Pens"), alleging breach of contract based on Anderson Pens' failure to pay rent pursuant to the parties' lease agreement. (ECF No. 1.) Friedman has moved for summary judgment. (ECF No. 25.) On May 17, 2024, after the motion was fully briefed, Anderson Pens moved for leave to file a sur-reply. (ECF No. 29.) All parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 2, 12, 18.)

1. **Factual Background**

The court notes initially that Friedman's motion does not comply with the local rules governing summary judgment procedures. In this district a party moving for summary judgment must file, in addition to its motion and supporting memorandum of law, "a statement of proposed material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Civil L.R. 56(b)(1)(c). Friedman did not file a proposed statement of facts.

Anderson Pens filed its own statement of proposed facts in response to Friedman's motion for summary judgment. (*See* ECF No. 27.) Friedman did not respond to Anderson Pens' proposed facts. Pursuant to Local Rule 56(b)(4), "the Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment." As a result, Anderson Pens' proposed findings of fact are deemed admitted. The following facts are taken primarily from Anderson Pens' proposed facts.

Anderson Pens, Inc. sells specialty pens and writing accessories from a store in Appleton, Wisconsin, and online. (ECF No. 27, ¶ 4.) It is owned by Lisa and Brian Anderson. (*Id.*, ¶ 3.) In 2017, the Andersons formed Anderson Pens Chicago, Inc. intending to open a second store in Chicago, Illinois. (*Id.*, ¶ 5.)

On July 12, 2017, Anderson Pens Chicago, Inc. entered into a lease with Thor Palmer House Retail, LLC, ("Palmer House") for retail space in the Palmer House Hilton Hotel, located at 17 East Monroe Street, Chicago, Illinois. (ECF Nos. 27, ¶ 1; 1, ¶¶

1, 2, 13; 20 ¶¶ 1, 2, 13.) Anderson Pens, Inc. guaranteed the lease. (ECF No. 27, ¶ 2.) Anderson Pens Chicago, Inc. opened the Chicago store in spring 2017. (*Id.*, ¶ 7.)

On March 20, 2020, in response to the COVID-19 pandemic, Illinois Governor J.B. Pritzker issued Executive Order 2020-10. (ECF No. 27, ¶ 8.) The order required all non-essential businesses to cease operations and prohibited Illinois residents from leaving their homes for non-essential activities. (*Id.*) Anderson Pens did not qualify as an essential business, and purchasing pens or writing accessories was not defined as an essential activity. (*Id.*, ¶¶ 9-10.) As a result, Anderson Pens closed the Chicago store. (*Id.*, ¶ 11.)

In May 2020 George Stanchfield[1] reached out to Lisa Anderson to discuss rent accommodations and lease modifications. (ECF No. 27, ¶ 23.) Stanchfield proposed a lease amendment that would waive late fees, temporarily modify rent to a percentage of sales, and spread out repayment of past due rent. (ECF No. 27-1, ¶ 39.) Stanchfield eventually had a lease amendment prepared and sent to Lisa Anderson. (ECF No. 27, ¶ 24.) The proposed amendment would have modified the rent to 12 percent of gross sales while the Palmer House hotel was closed. (*Id.*, ¶ 25; ECF No. 27-3 at 2.) Although Brian Anderson signed the amendment, no representative of Friedman or Palmer House signed it. (ECF Nos. 27, ¶ 26; 27-3 at 4.)

---

[1] While the proposed findings of fact do not identify who Stanfield is, the court assumes he is a representative of Friedman or Palmer House.

Anderson Pens Chicago eventually reopened in September 2021. (ECF No. 27, ¶ 12.) It was open Monday to Saturday from 9:30 to 5:30 and Sunday from 12:00 to 4:00. (*Id.*, ¶ 13.) Although Anderson Pens reopened, many of the other retail tenants at the Palmer House remained closed, and some reopened with limited hours. (*Id.*, ¶ 14.) Consequently, Anderson Pens was often the only store open on the first floor of the Palmer House. (*Id.*, ¶ 15.)

Anderson Pens claims that the retail area of the Palmer House (and the hotel at large) looked as though it was abandoned because so many exterior and interior retail spaces were empty and dark. (ECF No. 27, ¶ 16.) Consequently, "many unhoused individuals and thieves" came into the retail space, resulting in an increase in threatening, dangerous, and criminal activity, and Palmer House security was unable to provide sufficient protection to tenants. (*Id.*, ¶¶ 17-18.) While Anderson Pens repeatedly complained, neither Friedman nor the Palmer House did anything to make the Palmer House safer for tenants. (ECF No. 27, ¶ 19.) Nor did they enforce the requirements that retail tenants be open for business during specified hours. (*Id.*)

After reopening, Anderson Pens could not earn enough revenue to pay its rent. (ECF No. 27, ¶¶ 21-22.) Anderson Pens closed its Chicago storefront in March 2023. (ECF No. 27, ¶ 28.) On June 27, 2023, Friedman initiated this action, alleging breach of contract claims against each of the two Anderson Pens entities. (ECF No. 1 at 2, 5.)

2. **Summary Judgment Standard**

The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To survive summary judgment a party cannot just rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

3. **Analysis**

Friedman claims that Anderson Pens breached the lease agreement by failing to pay rent. (*Id.*, ¶¶ 23, 31.) As of the date of Friedman's motion for summary judgment, it states that Anderson Pens owes $368,614.53 in unpaid rent. (ECF No. 25 at 2.)

Under Illinois law, to succeed on a breach of contract claim, the plaintiff must prove: 1) the existence of a contract; 2) performance of its conditions by the plaintiff; 3) breach by the defendant; and 4) damages resulting from the breach. (ECF No. 25 at 3 (citing *Kopley Grp. V., L.P. v. Sheridan Edgewater Properties, Ltd.*, 376 Ill. App. 3d 1006, 876 N.E.2d 218, 226 (2007)).) According to Friedman, its breach of contract claim is straightforward and simple. The lease agreement provides that Anderson Pens "shall be

in default if Tenant fails to pay rent within 30 days of receipt of written notice of non-payment." (*Id.* (citing ECF Nos. 1, ¶ 17; 20, ¶ 17; 25-2).) Friedman maintains that it is undisputed that 1) valid contracts existed between the Palmer House as landlord, Anderson Pens Chicago, Inc. as tenant, and Anderson Pens, Inc. as guarantor; 2) the Palmer House performed all conditions required of it under those contracts; 3) Anderson Pens breached the terms of the agreements by failing to pay the amounts owed; and 4) the Palmer House sustained $368,614.53 in damages resulting from those breaches. (*Id.*) Friedman further maintains that Anderson "did not assert any affirmative defense alleging that [the Palmer House] committed any wrongdoing or breached a specific obligation, term or requirement in the Lease Agreement." (*Id.* at 2.) As a result, Friedman contends that it is entitled to summary judgment.

But Friedman's assertion that Anderson Pens has not raised any affirmative defenses is not true. In its answer Anderson Pens asserted four affirmative defenses: 1) inducement by fraud; 2) failure to mitigate damages; 3) unclean hands; and 4) frustration of purpose. (ECF No. 20 at 5-9.) Anderson Pens maintains that its affirmative defenses establish genuine issues of fact that preclude summary judgment on Friedman's breach of contract claims. (ECF No. 26 at 2.) Anderson Pens' materials in opposition to Friedman's motion include the affidavit of Lisa Anderson, which raises genuine issues of material fact as to these affirmative defenses. (*See* ECF No. 27-1.)

6

Case 2:23-cv-00857-WED   Filed 05/20/24   Page 6 of 8   Document 30

For example, with respect to Anderson Pens' inducement by fraud defense, Ms. Anderson states that in May 2020 Stanchfield reached out to her to discuss rent accommodations and lease modifications. (ECF No. 27-1, ¶¶ 38-39.) He sent her and her husband a lease amendment, which would have modified Anderson Pens' rent to 12 percent of gross sales while the Palmer House Hilton was closed. (ECF No. 27-3 at 1.) Brian Anderson signed the lease amendment on behalf of Anderson Pens in August of 2020, but neither Palmer House nor Friedman signed it. (ECF Nos. 27-1, ¶ 40; 27-3 at 4.)

Regarding Anderson Pens' failure to mitigate defense, Lisa Anderson states that, while Anderson Pens reopened in September 2021, many other retail tenants at the Palmer House did not reopen until long after, while others never reopened at all. (ECF No. 27-1 at ¶¶ 10-22.) She further states that she is unaware of any steps taken by Friedman or Palmer House to enforce open hours requirements for other tenants. (*Id.*, ¶ 37.) She states that the Palmer House looked deserted because of the dark, empty storefronts. (*Id.*, ¶¶ 24-25.) Few people came to shop at Anderson Pens or the Palmer House at large. (*Id.*, ¶ 26.) As a result, Anderson Pens could not earn enough money to pay its rent. (*Id.*, ¶ 36.) Moreover, while Anderson Pens tried to negotiate rent accommodations with Friedman/the Palmer House, as well as an early termination of the lease, Ms. Anderson states that neither were open to negotiation. (*Id.*, ¶¶ 40, 42.)

In its reply, Friedman does not address the issues of fact established by Lisa Anderson's affidavit regarding these defenses. The only argument that Friedman offers

with respect to any of the defenses asserted by Anderson Pens pertains to its frustration of purpose defense. (ECF No. 28 at 2.) But even if Friedman is correct as to that defense, it does not change the fact that genuine issues of material fact exist as to Anderson Pens' other affirmative defenses, which preclude the entry of summary judgment for Friedman.

### 4. Conclusion

For the reasons stated above, genuine issues of fact remain concerning Anderson Pens' affirmative defenses, precluding summary judgment in Friedman's favor on its breach of contract claim. Accordingly, Friedman's motion for summary judgment will be denied.

While Anderson Pens moved for leave to file a sur-reply instanter to address arguments it claims Friedman raised for the first time in its reply brief (ECF No. 29), the court need not consider its sur-reply brief in deciding the motion for summary judgment. Therefore, Anderson Pens' motion will be dismissed as moot.

**IT IS THEREFORE ORDERED** that Friedman's motion for summary judgment (ECF No. 25) is **DENIED**. **IT IS FURTHER ORDERED** that Anderson Pens' motion for leave to file a sur-reply instanter (ECF No. 29) is **DISMISSED as moot.**

Dated at Milwaukee, Wisconsin this 20th day of May, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge